IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                      ORDER

      v.                        03-cr-77-bbc-01

MATTHEW H. BUCKETT,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of Matthew H. Buckett's supervised release was held in this case on March 4, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Paul Connell. Defendant was present in person and by counsel, Anthony C. Delyea. Also present was United States Senior Probation Officer William T. Badger, Jr. From the record and defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 5, 2004, following his conviction for bank robbery, a Class C felony, in violation of 18 U.S.C. § 2113(a). He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 46 months with a three-year term of supervised release to follow.

Defendant began his term of supervised release on December 20, 2006, in the

Western District of Washington.

Defendant has stipulated that he violated standard condition No. 7, directing him to refrain from excessive use of alcohol and not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician; and special condition No. 4, requiring him to abstain from the use of illegal drugs. On April 9, 2007, and again on May 17, 2007, defendant submitted a urine specimen that tested positive for marijuana.

Defendant also stipulates that he violated standard condition no. 6, requiring him to notify the probation officer at least ten days before any change in residence or employment. On or about June 2, 2007, defendant absconded from supervision and his whereabouts were unknown until his arrest on January 14, 2008.

Defendant's conduct falls into the category of a Grade C violation. Upon finding a Grade C violation, I have the discretion to revoke supervised release, extend the term of supervised release, or modify the conditions of release, as provided in §7B1.3(a)(2) of the sentencing guidelines policy statement for violations of supervised release.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the three-year term of supervised release imposed on defendant on February 5, 2004, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment of 8 to 14

months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release if supervision is revoked.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. This sentence is intended to deter defendant from future criminal acts and to hold him accountable for his violations of supervision.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 4, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 5 months. An 18-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of special condition no. 6:

> Reside at a federally approved residential reentry center for a period of up to 180 days. Defendant may be absent from the center for employment purposes and for passes consistent with program rules. He will be required to pay 25 percent of his gross pay as subsistence as well as all his own medical expenses. Early discharge from the facility is contingent upon the approval of both the facility administrator and the supervising U.S. probation officer.

It is the court's recommendation that defendant be released to a residential re entry center in or near Rochester, Minnesota so that he may be near his mother and the supportive

services he will need in order to find and maintain employment.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 4th day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge