IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                  ORDER

      v.                                         03-CR-77-C-01

MATTHEW H. BUCKETT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Matthew H. Buckett's supervised release was held November 7, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Paul W. Connell, Assistant United States Attorney. Defendant was present in person and by counsel, Anthony C. Delyea. Also present was Senior United States Probation Officer Helen H. Raatz. From the record and from defendant's stipulation, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on February 5, 2004, following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 46 months with a three-year term of supervised release to follow.

Defendant began his first term of supervised release on December 20, 2006, under the supervision of the Western District of Washington. On March 4, 2008, this court revoked his supervised release because he had used marijuana, failed to notify his supervising probation officer of a change in residence and absconded from supervision. Defendant was sentenced to five months' custody with 18 months' supervised release to follow.

Defendant began his second term of supervised release on June 14, 2008, under the supervision of the District of Minnesota. In August 2008, he violated Special Condition No. 6 of his supervised release, requiring him to reside at a residential re-entry center for a period of up to 180 days, when he was terminated on August 13 from the residential re-entry center program at the Olmstead County Adult Detention Center in Rochester, Minnesota, following his consumption of alcohol and his disruption of facility operations.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the sentencing guidelines provides that upon a finding of a Grade C violation, the court has the discretion to revoke supervised release, extend the term of supervised release or modify the conditions of release.

## CONCLUSIONS

Defendant's violation warrants revocation. Accordingly, the 18-month term of supervised release imposed on defendant on March 4, 2008 will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has a guideline term of imprisonment of 8 to 14 months.

The statutory maximum to which defendant can be sentenced upon revocation is two years, under 18 U.S.C. 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to deter defendant from future criminal acts and to provide an appropriate consequence for his violation of supervision.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 4, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of three months. No term of supervised release shall follow imprisonment.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 24th day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge